[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10910
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20759-KMW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WENDY SANDS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 23, 2014)

Before TJOFLAT, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Wendy Sands pled guilty to two counts of a three-count indictment: Count One, possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3); Count Two, aggravated identity theft, in violation of 18 U.S.C. § 1028A.  The District Court sentenced Sands to consecutive prison sentences: two months on Count One, which was a two-month downward variance from the Guidelines sentence range, and twenty-four months on Count Two, the mandatory minimum sentence prescribed by statute.[1]  She now appeals her sentences.[2]

In her brief, Sands presents an argument she did not present to the District Court—that in calculating the Guidelines sentence range for the Count One offense, the court erred by applying a two-level enhancement under U.S.S.G. § 2B1.1(b)(11)(B) because her conduct did not meet the ordinary definition of "trafficking," as opposed to the definition of that term in 18 U.S.C § 2019(e).  In its response, the Government concedes that application of § 2B1.1(b)(11)(B) was erroneous because Sands was categorically ineligible for the enhancement pursuant to Application Note 2 to U.S.S.G. § 2B1.6, but contends that the error did not affect her substantial rights.  We agree and therefore affirm.

---

[1]  Under U.S. Sentencing Guidelines Manual [hereinafter U.S.S.G.] § 5G1.2(a), the mandatory two-year term of imprisonment imposed on Count Two had to be imposed consecutively to the Count One sentence.

[2]  As the following discussion makes clear, Sands is not challenging her mandatory prison sentence on Count Two.

We review all sentences under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  "A sentence may be procedurally unreasonable and therefore an abuse of discretion if the court commits a significant procedural error," such as improperly calculating the guideline range.  *United States v. Bonilla*, 579 F.3d 1233, 1245 (11th Cir. 2009).  However, where, as here, the defendant failed to present the same argument to the sentencing court, we review the argument for plain error. *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010); *see also United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014) (holding that "[t]he defendant . . . fails to preserve a legal issue for appeal if the factual predicates of an objection are included in the sentencing record, but were presented to the district court under a different legal theory" (alteration in original) (emphasis and quotation marks omitted)).

Plain error occurs when there is (1) an error, (2) that is plain, and (3) that affects substantial rights.  *McNair*, 605 F.3d at 1222.  If the first three conditions are met, then we "may exercise discretion to correct a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.* (quotation marks omitted).  "Plain is synonymous with clear or, equivalently, obvious."  *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993) (quotations omitted).  For an error to affect

substantial rights, "in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Id.* at 734, 113 S. Ct. at 1778. To establish prejudice, the defendant must show a reasonable probability of a different result. *United States v. Rodriguez*, 398 F.3d 1291, 1299–1300 (11th Cir. 2005). If we would have to speculate whether the result would have been different, the defendant has not met the burden to show that her substantial rights have been affected. *Id.* at 1301.

Under U.S.S.G § 2B1.1(b)(11)(B), a two-level enhancement is merited if the offense involved the "production or trafficking" of any unauthorized access device, counterfeit access device, or authentication feature. The Application Notes to § 2B1.1 define "production" as including manufacture, design, alteration, authentication, duplication, or assembly. *Id.* comment. (n.10(A)). Notably, the commentary to § 2B1.1 does not include a definition for "trafficking." *See id.*

Application Note 2 to U.S.S.G § 2B1.6, which addresses aggravated identity theft, provides the following:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense. A sentence under this guideline accounts for this factor for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under [U.S.S.G.] § 1B1.3 (Relevant Conduct). "Means of identification" has the meaning given that term in 18 U.S.C. § 1028(d)(7).

4

A "means of identification" includes numbers and access devices.  18 U.S.C. § 1028(d)(7)(A), (D).

In *United States v. Charles*, No. 13-11863, manuscript op. at 2, 5 (11th Cir. July 7, 2014), we addressed a similar issue involving a defendant who transferred a stolen debit card to another party.  The District Court applied the enhancement in § 2B1.1(b)(11)(B) for the trafficking of an unauthorized access device to his conspiracy offense, when he was also convicted and consecutively sentenced under § 1028A.  *Charles*, No. 13-11863, manuscript op. at 4–5.  On appeal, we held that Charles's § 1028A conviction already accounted for his transfer of a stolen debit card and, therefore, the § 2B1.1(b)(11)(B) enhancement was improper as to the conspiracy count.  *Id.* at 8–9; *see also United States v. Cruz*, 713 F.3d 600, 605–08 (11th Cir. 2013) (holding that Application Note 2 to § 2B1.6 prohibited an enhancement under § 2B1.1(b)(10)(A)(i), for the use of device-making equipment, to defendants who were convicted of violating § 1028A).

Although Sands argues that the District Court erred by applying a two-level enhancement under § 2B1.1(b)(11)(B) because her conduct did not meet the ordinary definition of "trafficking," as opposed to the definition of that term in § 2019(e), we need not address that issue because she was categorically ineligible for that enhancement pursuant to Application Note 2 to § 2B1.6.  The error in applying the enhancement did not affect her substantial rights or seriously affect

5

the fairness, integrity, or public reputation of the judicial proceedings because she received a significant downward variance on Count One, and there is no evidence in the record that the court would have reduced her sentence on that count further if the two-level enhancement was not applied.

AFFIRMED.