[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11863

_____

D.C. Docket No. 1:12-cr-20806-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEAN BAPTISTE CHARLES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 7, 2014)

Before HULL, COX and FARRIS,[*] Circuit Judges.

HULL, Circuit Judge:

_____
[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

After a guilty plea, Defendant-Appellant Jean Baptiste Charles appeals his 18 months' sentence on Count One of his indictment for conspiring to use unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2) and (b)(2). Specifically, Charles argues that in calculating his offense level for Count One, the district court committed legal error by including a two-level increase for trafficking in unauthorized access devices under U.S.S.G. § 2B1.1(b)(11)(B). After careful review of the record and the briefs, and with the benefit of oral argument, we vacate Charles's sentence on Count One and remand for proceedings consistent with this opinion.

## I. BACKGROUND

### A.    Offense Conduct

During a traffic stop of a rental car driven by Charles, law enforcement officers found ten prepaid debit cards issued in the names of individuals other than Charles. One of the ten prepaid debit cards was in the possession of Allen Bien-Aime, a passenger in the car. Charles and Bien-Aime used the prepaid debit cards to withdraw money from ATMs or to buy money orders from Western Union.

Bank records revealed that the ten prepaid debit cards were loaded with tax-refund monies sent by the Internal Revenue Service ("IRS") in response to fraudulent tax returns submitted in the names of 25 individuals. A search of Charles's cellphone discovered an exchange of text messages in which Charles

2

admitted to having filed tax returns in other people's names without their authorization. And, four months later, law enforcement officers found Charles in possession of lists containing the names, dates of birth, and social security numbers of individuals other than Charles.

## B.    Indictment and Guilty Plea

Charles pled guilty to Count One, which charged that Charles conspired with Biene-Aime and others "to commit violations of Title 18, United States 1029(a)(2), namely, to knowingly, and with intent to defraud, traffic in and use one or more unauthorized access devices during any one-year period," in violation of 18 U.S.C. § 1029(b)(2). The statutory maximum penalty for Charles's offense in Count One is five years' imprisonment. See 18 U.S.C. § 1029(b)(2) and (c)(1)(A)(i).

Charles also pled guilty to aggravated identity theft in Count Five, which charged that Charles, during and in relation to the § 1029(a)(2) and (b)(2) felony in Count One, "did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person," in violation of § 1028A. The term "means of identification" includes an "access device," see 18 U.S.C. § 1028(d)(7), such as the prepaid debit cards at issue here, see 18 U.S.C. § 1029(e)(1) (explaining that "the term 'access device' means any card . . . that can be used . . . to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds").

3

For Charles's aggravated identity theft offense in Count Five, § 1028A(a)(1) "mandates an additional consecutive two-year term of imprisonment for a defendant convicted of certain predicate crimes if, during (or in relation to) the commission of those other crimes, the offender 'knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person.'" United States v. Cruz, 713 F.3d 600, 605 (11th Cir.) (quoting 18 U.S.C. § 1028A(a)(1)), cert. denied, 133 S. Ct. 2788 (U.S.) and cert. denied, 134 S. Ct. 213 (U.S. 2013).[1]  This Court has held already that a defendant's "convictions under 18 U.S.C. § 1029(a)(2) for defrauding by using an unauthorized access device are predicate offenses for § 1028A purposes."  Id. at 605 (citing 18 U.S.C. § 1028A(c)(4)).  The same is true for the § 1029(b)(2) offense of conspiring to commit violations of § 1029(a)(2).  Therefore, Charles's conviction in Count One was a predicate crime for Charles's § 1028A conviction in Count Five.

## C.    Sentencing

For Count Five, the presentence investigation report ("PSR") stated that Charles's § 1028A(a)(1) offense has a statutory mandatory two-year prison term and is excluded from the grouping rules in the guidelines.  No one objected to this statement.  Accordingly, the district court sentenced Charles to 24 months'

---

[1] See also 18. U.S.C. § 1028A(b)(3) (providing that "no term of imprisonment imposed on a person under [§ 1028A] shall run concurrently with any other term of imprisonment imposed on the person under any other provision of law, including any term of imprisonment imposed for the felony during which the means of identification was transferred, possessed, or used").

imprisonment on Count Five to run consecutively to any sentence imposed for Count One.

For Count One, the PSR calculated an offense level of 18 consisting of: (1) a base offense level of six, pursuant to U.S.S.G. § 2B1.1(a)(2); (2) an eight-level increase because the loss amount was greater than $70,000, pursuant to § 2B1.1(b)(1)(E); (3) a two-level increase because the offense involved ten or more victims, pursuant to § 2B.1(b)(2)(B); and (4) a two-level increase for the production or trafficking of unauthorized devices under § 2B1.1(b)(11)(B). Combined with a criminal history category of I, the total offense level of 18 yielded an advisory guidelines range of 27 to 33 months' imprisonment for Count One.

After Charles objected to the two-level increase for production or trafficking under § 2B1.1(b)(11)(B), the district court ruled that this increase was warranted because Charles transferred one of the prepaid debit cards to Bien-Aime and thereby "trafficked" an unauthorized access device.

Concluding that Charles had accepted responsibility for his actions, the district court reduced Charles's offense level by three levels, pursuant to U.S.S.G. § 3E1.1(a) and (b). This reduction dropped Charles's offense level for Count One from 18 to 15, resulting in an advisory guidelines range of 18 to 24 months'

imprisonment.  The district court ultimately sentenced Charles to 18 months' imprisonment on Count One.

Charles timely appealed the inclusion of the two-level increase for "trafficking" unauthorized access devices under § 2B1.1(b)(11)(B) in the district court's guidelines calculation for Count One.

## II. DISCUSSION

### A.    Alleyne v. United States

In his brief, Charles argues that the district court erred under Alleyne v. United States, 570 U.S. ___,  ____, 133 S. Ct. 2151 (2013) when it refused to submit the applicability of the § 2B1.1(b)(11)(B) increase to a jury.  Charles's claim lacks merit because Alleyne does not apply to his case.

In Apprendi v. New Jersey, the Supreme Court held that a fact, other than a prior conviction, that increases the maximum penalty for a crime is an element of the crime that must be submitted to a jury.  530 U.S. 466, 490–91, 120 S. Ct. 2348. 2362-63 (2000).  In Alleyne, the Supreme Court extended Apprendi's holding to facts, other than a prior conviction, that increase the mandatory minimum prescribed by a statute, while recognizing that such facts are distinct from fact-findings that guide judicial discretion in selecting a punishment within limits fixed by law.  Alleyne, 133 S. Ct. at 2161 & n.2.  Indeed, the Supreme Court cautioned

that its holding did not disturb judicial fact findings at sentencing for facts that do not impact the statutory punishment.  See id. at 2163.

Accordingly, a district court may continue to make guidelines calculations based upon judicial fact findings and may enhance a sentence—so long as its findings do not increase the statutory maximum or minimum authorized by facts determined in a guilty plea or jury verdict.  See United States v. McGarity, 669 F.3d 1218, 1257 (11th Cir. 2012) (concluding that under an advisory guidelines regime, judicial fact-findings that support a sentence within the statutory maximum set forth in the United States Code do not violate the Sixth Amendment); United States v. Dean, 487 F.3d 840, 854 (11th Cir. 2007).  Because the two-level increase here affected only Charles's guidelines calculation and not his statutory mandatory minimum or maximum, Charles's reliance on Alleyne is misplaced.

We now turn to whether the district court properly applied the § 2B1.1(b)(11)(B) increase to Charles's guidelines calculation.

**B.    Trafficking in Unauthorized Access Devices**

Guidelines § 2B1.1 applies to, inter alia, offenses involving fraud, deceit, forgery, and altered or counterfeit instruments, including Charles's § 1029(a)(2) and (b)(2) offense for conspiracy to use unauthorized access devices in Count One. See U.S.S.G. § 2B1.1, commentary (listing statutory provisions).  Specifically, § 2B1.1(b)(11)(B) increases a defendant's offense level by two levels when "the

7

offense involved . . . <u>the</u> production or <u>trafficking</u> of any . . . <u>unauthorized access</u> <u>device</u>." U.S.S.G. § 2B1.1(b)(11)(B)(i) (emphasis added). This "trafficking" language was the basis for the district court's two-level increase to Charles's Count One offense. As noted above, the district court found that Charles transferred one of the prepaid debit cards to Bien-Aime and thereby "trafficked" an unauthorized access device under § 2B1.1(b)(11)(B)(i).

However, given Charles's sentence for aggravated identity theft in Count Five, the district court's inclusion of the § 2B1.1(b)(11)(B) two-level increase for this transfer (<u>i.e.</u>, the "trafficking") in the offense level calculation for Count One was legal error under the guideline rules themselves. We explain why.

For Count Five, Charles received the statutory, two-year consecutive sentence mandated for aggravated identity theft offenses under § 1028A(a)(1). Guidelines § 2B1.6 applies to violations of § 1028A and expressly provides that the guideline sentence for a defendant convicted under § 1028A "is the term of imprisonment required by statute." U.S.S.G. § 2B1.6(a). Importantly, Application Note 2 to § 2B1.6 then explains how the § 2B1.6 guideline interacts with other guidelines, stating: "If a sentence under [§ 2B1.6] is imposed in conjunction with a sentence for an underlying offense, <u>do not apply any specific offense characteristic</u> <u>for the transfer, possession, or use of a means of identification when determining</u> <u>the sentence for the underlying offense</u>." U.S.S.G. § 2B1.6 cmt. n.2 (emphasis

added).  The reason given for this guidelines rule is that "[a] sentence under [§ 2B1.6] accounts for this factor for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)."  Id.   Thus, "when a defendant receives the two-year consecutive sentence on the [aggravated] identity theft count [under §1028A], h[is] sentence for any underlying offense is not eligible for a 2-level increase for transfer, possession, or use of false identification."  Cruz, 713 F.3d at 607 (quotation marks omitted).[2]

Under the directive of Application Note 2, the mandated two-year consecutive sentence Charles received for the Count Five § 1028A offense already accounted for Charles's transfer of the debit card (the "means of identification") to Bien-Aime when determining the sentence for the underlying § 1029(a)(2) and (b)(2) offense in Count One.  Therefore, the district court's application of the two-level increase for Count One under § 2B1.1(b)(11)(B) for Charles's transferring an access device (the prepaid debit card) to Bien-Aime ran afoul of § 2B1.6's prohibition against applying a "specific offense characteristic for the transfer . . . of a means of identification when determining the sentence for the underlying offense," here Count One.   U.S.S.G. § 2B1.6 cmt. n.2.

---

[2]This statement in Cruz would wholly resolve the issue here; however, we note that it is dicta because Cruz did not involve an increase for "trafficking."  Cruz involved the possession of "device-making equipment," another ground for a two-level increase under § 2B1.1(b)(11).  See 713 F.3d at 605.

Given that Charles was already subject to a 24 months' consecutive sentence for aggravated identity theft under § 1028A(a)(1), Application Note 2 to guideline § 2B1.6 precluded the two-level increase in the Count One offense level for transferring the debit card to Bien-Aime. See Cruz, 13 F.3d at 607; see also United States v. Doss, 741 F.3d 763, 766-67 (7th Cir. 2013) (holding that Application Note 2 to § 2B1.6 precluded the application of the two-level increase under § 2B1.1(b)(11)(B) for trafficking an unauthorized access device when the defendant was convicted and sentenced under 18 U.S.C. § 1028A); United States v. Lyons, 556 F.3d 703, 708 (8th Cir. 2009) ("Given that the plain meaning of trafficking involves a transfer, the enhancement in § 2B1.1(b)([11])(B)(i) for trafficking of an unauthorized access device is one such specific offense characteristic that cannot be applied" under Application Note 2 to § 2B1.6); United States v. Jones, 551 F.3d 19, 25 (1st Cir. 2008) (providing that "if a defendant receives the two-year consecutive sentence on the identity theft count, her sentence for any underlying offense is not eligible for a 2-level increase for 'transfer, possession, or use' of false identification").

## C.    Production of Unauthorized Access Devices

As an alternative argument, the government asks us to affirm the application of the two-level increase under U.S.S.G. § 2B1.1(b)(11)(B) because the record

supports a finding that Charles "produced" unauthorized access devices.[3]  In the district court, the government consistently argued "production" and expressly asked the district court for a ruling on that ground.  But the district court ruled solely on the "trafficking" ground and declined to rule on the government's "production" argument, leaving us without the benefit of the requisite fact findings on this issue.  On remand, the issue of production should be addressed by the district court in the first instance based on the current record.

### III. CONCLUSION

For these reasons, we vacate the district court's sentence on Count One and remand for resentencing on Count One without the two-level enhancement for "trafficking" in § 2B1.1(b)(11)(B).  We express no opinion about "production" and remand with directions that the district court rule on the "production" issue and give reasons why and then resentence Charles on Count One.[4]

**VACATED AND REMANDED.**

---

[3]To recall, § 2B1.1(b)(11)(B) also applies a two-level increase in the defendant's offense level when "the offense involved . . . the production . . . of any unauthorized access device." U.S.S.G. § 2B1.1(b)(11)(B)(i).   The application notes to § 2B.1.6 do not prohibit an enhancement to the offense level of the underlying offense based on the defendant's production of an unauthorized access advice.

[4]On appeal, Charles also contends that the district court erred when it denied Charles's motion to suppress evidence obtained in the traffic stop.  However, this argument was waived by Charles's guilty plea.  See United States v. Brown, No. 13-10023, — F.3d —, 2014 WL 2200395, at *3 (11th Cir. May 28, 2014); see also United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings.").