[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13746
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60281-RNS-6


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLOYD HARPER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 23, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Floyd Harper appeals the district court's application of a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(11)(B) in calculating his total 42-month sentence, imposed below the advisory guideline range, after he pleaded guilty to one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1028(b)(2) (Count 1); one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 13); and one count of theft of public money, in violation of 18 U.S.C. § 641 (Count 15).  Harper argues on appeal that the district court plainly erred in applying the § 2B1.1(b)(11)(B) enhancement because Application Note 2 to U.S.S.G. § 2B1.6 prohibits the application of specific offense characteristics for the transfer, possession, or use of a means of identification to the sentence for an underlying offense when the defendant has also been sentenced for aggravated identity theft.  Harper asserts that the underlying offense in his case involved trafficking, but not production, of unauthorized access devices, and as such application the § 2B1.1(b)(11)(B) enhancement to his conduct would constitute improper double counting.

We review objections raised for the first time on appeal under a plain error standard of review.  *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006) (per curiam).  Under the plain error standard, the defendant must demonstrate four factors: (1) there was an error, (2) the error is plain, (3) the error affects substantial rights, and, if the foregoing three factors are met, (4) the error seriously affects the

2

fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993).

An error is plain if it is clear from either the plain meaning of a statute or constitutional provision, or from a holding of the Supreme Court or this court. *United States v. Pantle*, 637 F.3d 1172, 1174–75 (11th Cir. 2011). An error affects substantial rights when it is prejudicial to the defendant, meaning the defendant must show that the error "affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734, 113 S. Ct. at 1778. With regard to sentencing, this means that the defendant must show that there is a reasonable probability that the district court would have imposed a shorter sentence absent the challenged enhancement. *Pantle*, 637 F.3d at 1177. Finally, an error seriously affects the fairness, integrity, and public reputation of judicial proceedings if failure to correct the error would result in a miscarriage of justice. *Olano*, 507 U.S. at 736, 113 S. Ct. at 1779.

Section 2B1.1(b)(11)(B) provides a two-level enhancement for the production or trafficking of any unauthorized access device or counterfeit access device. U.S.S.G. § 2B1.1(b)(11)(B). For purposes of the enhancement, the term "production" includes manufacture, design, alteration, authentication, duplication, or assembly. *Id*. § 2B1.1 cmt. n.10(A). The Guidelines provide that specific offense characteristics are based on a defendant's relevant conduct. *See id*. § 1B1.3(a). Relevant conduct includes not only all acts and omissions committed

3

by the defendant himself, but also all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity. *Id*. § 1B1.3(a)(1)(A), (B). To determine the defendant's accountability for the conduct of others, the court must first determine the scope of the criminal activity the defendant agreed to undertake. *Id*. § 1B1.3 cmt. n.2; *United States v. Hunter*, 323 F.3d 1314, 1319 (11th Cir. 2003). The court must then determine whether the conduct of others was in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by the defendant. *Id*. § 1B1.3 cmt. n.2.

Application Note 2 to § 2B1.6 instructs that where a sentence for aggravated identity theft is imposed in conjunction with a sentence for an underlying offense, the court should not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense. *Id*. § 2B1.6 cmt. n.2. In other words, to the extent that a sentence under § 2B1.6 accounts for the transfer, possession, or use of a means of identification by the defendant, an enhancement based on that conduct should not be applied for the underlying offense. *See id.* We have held that conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2) is a predicate offense for aggravated identity theft in violation of 18 U.S.C. § 1028A. *United States v. Charles*, 757 F.3d 1222, 1225 (11th Cir. 2014).

4

In reconciling the applicability of § 2B1.1(b)(11)(B) with Application Note 2 to § 2B1.6, we have held that a defendant sentenced under § 2B1.6 for violating 18 U.S.C. § 1028A cannot be subjected to the two-level enhancement under § 2B1.1(b)(11)(B) for trafficking of an unauthorized access device. *Id.* at 1226–27. Where the enhancement is based on the production of unauthorized access devices, however, Application Note 2 to § 2B1.6 does not prohibit imposition of the § 2B1.1(b)(11)(B) enhancement. *Id.* at 1227 n.3.

The undisputed facts in Harper's presentence investigation report demonstrate that Harper conspired with others to file fraudulent tax returns using stolen identities and created debit accounts into which the tax refunds could be deposited. The fact that at least one of the debit cards was in Harper's name demonstrates that Harper was involved in the production of the cards or that someone involved in the conspiracy produced the cards in furtherance of the jointly undertaken criminal activity. *See id.* § 1B1.3 cmt. n.2. It would have been improper under § 2B1.6 for the district court to impose the § 2B1.1(b)(11)(B) enhancement on the trafficking ground. However, the district court did not plainly err in applying the § 2B1.1(b)(11)(B) enhancement in this case because the record supports the finding that Harper's offense involved the production of unauthorized access devices.

**AFFIRMED.**

5