[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14792
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20116-DPG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ANTHONY SILER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 5, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Richard Siler appeals his convictions for violations of 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 1029(a)(2) and (3). Siler also appeals the 130-month imprisonment sentences on Counts 1 and 6 for his violations of § 1029(a)(2) and (3). These sentences were within the Guidelines range, although near the high end. On appeal, Siler argues that the district court erred in denying his motion for a judgment of acquittal because the evidence established that he obtained the access devices for legal purposes pursuant to his employment, and, thus, there was no evidence that he possessed the intent to defraud necessary to establish that the access devices were unauthorized within the meaning of § 1029(e)(3). Siler also argues that the district court plainly erred when it increased his base offense level by two, pursuant to U.S.S.G. § 2B1.1(b)(11)(B)(i), because he received statutorily mandated two-year sentences pursuant to his convictions for violating § 1028A(a)(1). After careful review and consideration of the briefs and record, we affirm the conviction but vacate Siler's sentence and remand for resentencing.

We review the denial of a motion for a judgment of acquittal *de novo*. *United States v. Evans*, 473 F.3d 1115, 1118 (11th Cir. 2006). When the motion raises a challenge to the sufficiency of the evidence, we review the sufficiency of the evidence *de novo*, drawing all reasonable inferences in the government's favor. *Id*. To affirm the denial, we "need determine only that a reasonable factfinder could conclude that the evidence established the defendant's guilt beyond a

reasonable doubt." *Id.* (quotation omitted). However, we review arguments not raised before the district court only for plain error. *United States v. Hunerlach*, 197 F.3d 1059, 1068 (11th Cir. 1999).

Assuming *arguendo* that Siler preserved the evidence sufficiency challenge, we conclude that the evidence supports Siler's conviction. Pursuant to § 1029(a)(2) and (3), whoever "knowingly and with intent to defraud traffics in or uses one or more unauthorized access devi[c]es during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period" or "possesses fifteen or more devices which are counterfeit or unauthorized access devices" shall, if the offense affects interstate commerce or foreign commerce, be punished by a fine or imprisonment for not more than ten years, or both. 18 U.S.C. § 1029(a)(2), (3), (c). An "unauthorized access device" means "any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud." § 1029(e)(3). A Social Security number can be an access device. *See* § 1029(e)(1) (providing that a "personal identification number" can be an access device). In addition, § 1028A(a)(1) provides that a person who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person" in relation to certain felony violations, including a violation of § 1029(a), "shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." § 1028A(a)(1); *see*

3

§ 1028A(c)(4); *United States v. Cruz*, 713 F.3d 600, 605 (11th Cir. 2013). Drawing all reasonable inferences in favor of the government, a reasonable jury could have concluded that Siler obtained the social security numbers with the intent to defraud despite his contentions to the contrary.[1]

We review objections to sentencing calculation issues raised for the first time on appeal for plain error. *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006). We have held that, when a defendant receives the two-year consecutive sentence for his § 1028A conviction, his sentence for any underlying offense, including a § 1029(a)(2) conviction, is not eligible for the two-level increase under § 2B1.1(b)(11)(B)(i) based on trafficking in an unauthorized access device. *United States v. Charles*, 757 F.3d 1222, 1226-27 (11th Cir. 2014). The Government concedes that there was error here, and that the error was plain or obvious, but contends that the error was not prejudicial because it would not alter Siler's sentence. We disagree and conclude that there is a reasonable probability that the district court would have imposed a lower imprisonment sentence.

At sentencing, the district court described its shock that the Government recommended a sentence at the lower end of the wrongly-calculated Guidelines range, noting that "a more substantive sentence is most appropriate based on what happened in this case." In spite of this commentary, the district court sentenced

---

[1] Because there is sufficient evidence to support a finding that Siler *obtained* the access devices with intent to defraud, we need not in this case decide whether such a finding is required.

Siler within the wrongly-calculated Guidelines range. The original Guidelines range was 110 months to 137 months, and the district court's original sentence was 130 months.[2] But we now know that the original sentence of 130 months as to Counts 1 and 6 exceeds what we now know as the correct Guidelines range (i.e. 92 months to 115 months). Based on its previous adherence to the Guidelines range, we believe that there is a reasonable probability that the district court may wish to remain within the proper Guidelines range. We have remanded for resentencing under similar conditions. *United States v. Frazier*, 605 F.3d 1271, 1283 (11th Cir. 2010) (vacating sentence under plain error rule when original sentence at the high end of the Guidelines range exceeded the Guidelines range under his correct total offense level).

Accordingly, we affirm Siler's conviction. However, we vacate and remand for resentencing.[3]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.[4]**

---

[2] This was the original sentence for Counts 1 and 6. The mandatory two-year consecutive sentence for the § 1028A counts brought the total original sentence to 154 months.

[3] As a final matter, we note that the judgment of conviction contains a typographical error, identifying Siler's convictions for Counts 3, 4, and 7 as being pursuant to § 1028A(1)(1), as opposed to § 1028A(a)(1) as charged in the indictment. Because "it is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crime recited in the judgment," we may *sua sponte* raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors. *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006) (quotation omitted).

[4] The Appellant's motion for leave to file his reply brief out of time is GRANTED.