[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13509
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20816-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM GARCIA,
a.k.a. Willie,
a.k.a. Jorge W. Perez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 11, 2015)

Before TJOFLAT, JORDON and JULIE CARNES, Circuit Judges.

PER CURIAM:

In a multi-count indictment, William Garcia and Assnay Fernandez were charged with conspiracy to produce, use and traffic counterfeit access devices, i.e., counterfeit credit cards and debit cards, in violation of 18 U.S.C. § 1029(a)(1), and Garcia was charged in one count of one count of credit card fraud, in violation of 18 U.S.C. § 1029(a)(1) and (2), and thirteen counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and 2. Fernandez pled guilty to the conspiracy charge. Garcia stood trial, and the jury convicted him on all counts except three of the aggravated identity theft counts. The District Court sentenced Garcia to prison sentences totaling 112 months. He appeals his convictions, contending that the evidence failed to establish that he was using the counterfeit credit cards. He appeals his sentences as procedurally and substantive unreasonable. We consider first Garcia's appeal of his convictions, then address the appeal of his sentences.

## I.

We review the sufficiency of evidence *de novo*, taking the evidence in the light most favorable to the Government and accepting all reasonable inferences in favor of the verdicts. *United States v. Mendez*, 528 F.3d 811, 814 (11th Cir. 2008). The question is whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005). Credibility questions are for the jury. We assume that the jury

2

answered them in a way that supports their verdicts.  *United States v. Jiminez*, 564 F.3d 1280, 1285 (11th Cir. 2009).

18 U.S.C. § 1029(a)(1) criminalizes "knowingly and with intent to defraud produc[ing], us[ing], or traffic[king] in one or more counterfeit access devices." 18 U.S.C. § 1029(a)(1).  Intent to defraud refers to "the specific intent to deceive or cheat, for the purpose of either causing some financial loss to another, or bringing about some financial gain to one's self."  *United States v. Klopf*, 423 F.3d 1228, 1240 (11th Cir. 2005) (quotation omitted).  Further, a defendant may be convicted for conspiring to violate § 1029(a)(1) if the government shows: (1) an agreement existed between at least two people to commit a crime; (2) the defendant knowingly and voluntarily joined or participated in the conspiracy; and (3) a conspirator performed an overt act in furtherance of the agreement.  *United States v. Ndiaye*, 434 F.3d 1270, 1294 (11th Cir. 2006).

Additionally, 18 U.S.C. § 1028A(a)(1) states that "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."  18 U.S.C. § 1028A(a)(1).  Among the felonies enumerated in subsection (c) is "any provision contained in this chapter

3

(relating to fraud and false statements), other than this section or section 1028(a)(7)." 18 U.S.C. § 1028A(c)(4).

At the time he was committing these offenses, Garcia was a detective with the Sweetwater Police Department. The Government's case against him was based on his accomplices, including Assay Fernandez and Richard Munoz, formerly a detective with the City of South Miami Police Department, law enforcement officers, his victims, and audio and video recordings of his calls and meetings with his accomplices. A reasonable jury could have found him guilty of credit card fraud, conspiracy to commit credit card fraud, and aggravated identity theft. Although he contests the credibility of prosecution witnesses, their credibility was a matter for the jury to decide.

## II.

Garcia claims that his sentences are procedurally unreasonable because the District Court, in determining the appropriate sentence range under the Sentencing Guidelines, erred in (1) determining the loss amount under U.S.S.G. § 2B1.1(b)(1)(B); (2) applying a two-level enhancement under U.S.S.G. § 2B1.1(b)(11)(B) for producing or trafficking counterfeit access devices; (3) double counting Guidelines provisions; and (4) imposing consecutive sentences. Garcia claims that his sentences are substantively unreasonable because they

cannot be squared with the sentencing purposes, or factors, set out in 18 U.S.C. § 3553(a).  We begin with the procedural issues.

A.

U.S.S.G. § 2B1.1(b)(1)(B) provides that if the loss attributable to the defendant exceeds $5,000, but is less than $10,000, the defendant is subject to a 2-level increase in his offense level.  U.S.S.G. § 2B1.1(b)(1)(B).  The Guidelines state that, in the case of counterfeit access devices, loss includes any unauthorized charges and "shall be not less than $500 per access device."  *Id.* § 2B1.1, comment. (n.3(F)(i)).  The Guidelines further define "loss" as "the greater of actual loss or intended loss."  *Id.* § 2B1.1, comment. (n.3(A)).  Actual loss is the "reasonably foreseeable pecuniary harm that resulted from the offense," while intended loss is the "pecuniary harm that was intended to result from the offense," even if the harm was "impossible or unlikely to occur."  *Id.* § 2B1.1, comment. (n.3(A)(i)-(ii)).  "Reasonably foreseeable pecuniary harm" means pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense.  *Id.* § 2B1.1, comment. (n.3(A)(iv)).

While "estimates are permissible, courts must not speculate concerning the existence of a fact which would permit a more severe sentence under the guidelines."  *United States v. Bradley,* 644 F.3d 1213, 1290 (11th Cir. 2011) (quotation omitted).  When the loss amount is at issue, the Government must

5

support its loss calculation with "reliable and specific evidence." *Id.* (quotation omitted). In addition, the district court must make specific factual findings sufficient to support the Government's claimed loss amount attributable to a defendant. *United States v. Gupta,* 463 F.3d 1182, 1200 (11th Cir. 2006). Where the defendant "submit[s] no proof that the Government's averages, estimates, or results are so wildly inaccurate as to be unreasonable," the district court "d[oes] not engage in the kind of speculation forbidden by the Sentencing Guidelines." *Bradley,* 644 F.3d at 1292.

We review the court's amount-of-loss determination for clear error. *United States v. Grant,* 431 F.3d 760, 762 (11th Cir. 2005). Garcia has not shown that a loss amount based on the 14 counterfeit credit cards attributed to him was "so wildly inaccurate as to be unreasonable" and thus erroneous. *See Bradley*, 644 F.3d at 1292. The 14-card number was determined based on testimony that Garcia possessed 8 cards from Officer Ricardo De Armas, received multiple cards from Luis Camacho, and provided his own credit card to produce more counterfeit cards. Such evidence led to a permissible estimate of 14 cards that Garcia was directly involved with in the course of his criminal activity. In short, the court did not clearly err in attributing 14 cards to Garcia in calculating the loss amount.

U.S.S.G. § 2B1.1(b)(11)(B) provides a two-level enhancement of the offense level if the offense involved the "production or trafficking" of any "unauthorized access device or counterfeit access device." U.S.S.G. § 2B1.1(b)(11)(B)(i). "Production" includes manufacture, design, alteration, authentication, duplication, or assembly. *Id*. § 2B1.1, comment. (n.10(A)). "Unauthorized access device," as defined in § 1029(e)(3), includes any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud. 18 U.S.C. § 1029(e)(3). Unauthorized credit cards are unauthorized access devices. *United States v. Morris*, 81 F.3d 131, 134 (11th Cir. 1996). Specific offense enhancements are determined by "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A). Since the two-level increase only affects the Guidelines calculation, and not the statutory minimum or maximum, the fact of "production or trafficking" need not be submitted to a jury under *Alleyne*.[1] *United States v. Charles*, 757 F.3d 1222, 1225-26 (11th Cir. 2014).

Several witnesses testified that Garcia had used the embossing machine and called the merchant number to confirm valid card numbers. Witnesses also testified that Garcia was present in Camacho's home while counterfeit cards were being produced. Thus, there was sufficient evidence for the court to enhance

---

[1] *Alleyne v. United States,* 570 U.S. ___, ___, 133 S. Ct. 2151, 2161, 186 L. Ed. 2d 314 (2013).

7

Garcia's sentence for "production or trafficking" of "counterfeit access devices" under U.S.S.G. § 2B1.1(b)(11)(B).

Generally, an issue of "double counting" is a question of law that we review *de novo*. *United States v. Naves*, 252 F.3d 1166, 1168 (11th Cir. 2001). However, when the objection to "double counting" is raised for the first time on appeal, the objection we review only for plain error. *Id*. Under plain error review, the defendant must show (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If these elements are met, we may recognize the error, in our discretion, if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. Plain error cannot be established where the explicit language of a statute or rule does not resolve an issue and there is no precedent from the Supreme Court or this Court directly resolving it. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *Naves,* 252 F.3d at 1168. Double counting is permissible when "the Sentencing Commission intended the result" and "each section concerns conceptually separate notions related to sentencing." *Id*. (quotation omitted).

8

The District Court clearly found the enhancement for abuse of a position of trust to be insufficient to account for Garcia's conduct in committing this criminal activity while working as a detective for the Sweetwater Police Department. As a result, the harm was not fully accounted for in the enhancement alone, and the court acted within its discretion in considering this factor under § 3553(a) when crafting a fair sentence. There is no error here, much less plain error.

We review the District Court's imposition of a consecutive sentence for abuse of discretion. *United States v. Covington*, 565 F.3d 1336, 1346 (11th Cir. 2009). With regard to sentences for violations of 18 U.S.C. § 1028A(a)(1), a defendant must serve a term of two years' imprisonment, which shall run consecutively to any term of imprisonment imposed for any other offense. 18 U.S.C. §§ 1028A(a)(1), (b)(2). Where a defendant has multiple convictions under § 1028A, the court has discretion to determine whether these sentences should run concurrently with each other. 18 U.S.C. § 1028A(b)(4). The commentary for § 5G1.2 of the Guidelines indicates that, in making this determination, the court should consider the nature and seriousness of the offenses, whether the offenses may be grouped under U.S.S.G. § 3D1.2, and whether the § 3553(a)(2) purposes are better served by imposing a concurrent or a consecutive sentence. U.S.S.G. § 5G1.2, comment. (n.2(B)). We have held that a court may, based on the seriousness of the defendant's offenses, order that a defendant's

sentences for multiple convictions under § 1028A run consecutively to each other, even though generally concurrent sentences would be imposed for offenses groupable under § 3D1.2. *United States v. Bonilla*, 579 F.3d 1233, 1244-45 (11th Cir. 2009).

We find no abuse of discretion in the court's running some of the aggravated identity theft convictions concurrently and others consecutively based on the date of the offense. The court correctly found that these sentences were required to run consecutive to sentences for any other offense. The court made clear that, absent the discretion to run the aggravated identity theft convictions consecutively, resulting in a higher total sentence, it would have varied the sentences upward. The court, therefore, did not abuse its discretion in determining that running some of the sentences consecutively was proper to provide adequate punishment.

## B.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). The substantive reasonableness of a sentence is determined in light of the totality of the circumstances. *Id.* at 51, 128 S. Ct. at 597. The party challenging the sentence bears the burden of showing it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Valnor*, 451 F.3d 744, 750 (11th Cir. 2006). We will not vacate a sentence as

substantively unreasonable unless left with the definite and firm conviction that the district court clearly erred in weighing the 18 U.S.C. § 3553(a) factors and issued a sentence outside the range of reasonable sentences. *Rodriguez*, 628 F.3d at 1264-65.

A district court is required to impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1),(3)-(7).

Garcia has not shown that his total 112-month sentence is substantively unreasonable. Despite his contentions, the District Court clearly considered the § 3553(a) factors in crafting the term of incarceration. Although the court could have imposed a lower term, after consideration of all the factors it crafted a term

11

would serve the goals of § 3553(a).  Thus, the court did not abuse its discretion in sentencing Garcia to a total 112-month sentence.

For the foregoing reasons, Garcia's convictions and sentences are

AFFIRMED.