[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15554
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cr-00025-MW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES HEATH STEWART,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 22, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Heath Stewart appeals his convictions and sentence of 720 months

of imprisonment three counts of producing child pornography. 18 U.S.C.

§ 2251(a), (e). Stewart challenges the decision to admit into evidence 15 images of provocatively posed minor girls or women who appeared to be less than 18. *See* Fed. R. Evid. 404(b). Stewart also challenges the procedural and substantive reasonableness of his sentence based on the enhancement of his base offense level for committing an offense involving a sexual act, *see* United States Sentencing Guidelines Manual § 2G2.1(b)(2)(B) (Nov. 2015). We affirm.

The district court did not abuse its discretion when it admitted the images discovered on Stewart's cellular telephone. Evidence of a defendant's "other crimes, wrongs, or acts" is admissible to prove intent, plan, knowledge, or absence of mistake or accident. Fed. R. Evid. 404(b)(2). Stewart was charged for using his cellular telephone to photograph a minor girl as she performed oral sex on him. The 15 images introduced by the prosecutor, which represented a miniscule amount of the images stored on Stewart's cellular telephone, depicted young girls posed seductively, some of whom were nude, were topless, or were wearing a translucent bathing suit. Those images were relevant to prove Stewart's prurient interest in minor girls and his motive for producing child pornography. *See id.; United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001) ("the extrinsic offense requires the same intent as the charged offense"). Stewart argues "that the persons depicted in the images were not proven to be under the age of 18," but the images were admissible as probative to Stewart's interest in underdeveloped

2

females. *See United States v. Kapordelis*, 569 F.3d 1291, 1313 (11th Cir. 2009) ("Rule 404(b) straightforwardly provides for the admission of evidence of 'other crimes, wrongs, or acts' and is not limited to criminal acts."). The presence of the 15 images on Stewart's cellular telephone with the photographs of the victim made it more probable that Stewart created the pornography and countered his defense that another person planted the photographs of the victim on his telephone. *See United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003). "[Stewart's] identity and knowledge defense considered, the probative value of the [15 images] was substantial and outweighed [their] prejudicial effect . . . ." *Kapordelis*, 569 F.3d at 1313–14.

Stewart acknowledges that his challenge to the procedural reasonableness of the enhancement of his sentence based on facts found by the district court is foreclosed by *United States v. Charles*, 757 F.3d 1222 (11th Cir. 2014). In *Charles*, we held that "a district court may continue to make guidelines calculations based upon judicial fact findings and may enhance a sentence—so long as its findings do not increase the statutory maximum or minimum authorized by facts determined in a guilty plea or jury verdict." *Id.* at 1225. Charles's criminal history category of IV and total offense level of 40, which included the four-level increase for committing an offense involving a sexual act, U.S.S.G. § 2G2.1(b)(2)(B), resulted in an

3

advisory guideline range of 360 months to life imprisonment, and did not affect his statutory range of 15 to 30 years of imprisonment, 18 U.S.C. § 2251(c).

Stewart's sentence is reasonable. The district court was entitled to consider Stewart's abuse of the victim as relevant conduct because it resulted in his production of child pornography. *See* U.S.S.G. § 1B1.3; *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006). The victim testified that, during the three years of abuse, Stewart became increasingly violent, kept her silenced by threatening to kill her and her family, and recorded the episodes of abuse on his cellular telephone. She recounted accompanying Stewart on a business trip and being abused for the first time when he returned to their hotel room intoxicated, drug her to the bed by her hair, and forced her to perform oral sex. She also recounted one occasion when Stewart thrust into her mouth so violently that she vomited and then forced her to clean up with a dirty towel and finish the sexual act. The district court reasonably determined that a sentence to two concurrent terms of 360 months to run consecutively to a third term of 360 months was required to address the statutory sentencing factors and the severe "aggravating . . . facts . . . in [Stewart's] case." *See* 18 U.S.C. § 3553(a). We cannot say that the district court abused its discretion when it imposed the maximum statutory penalty for Stewart's crimes.

We **AFFIRM** Stewart's convictions and sentence.

4

MARTIN, Circuit Judge, concurring:

I concur in the majority's ruling that the District Court committed no reversible error in admitting fifteen photographs as evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b)(2).  The majority is also correct when it says that Mr. Stewart has failed to show that his 60 year sentence was either procedurally or substantively unreasonable, under the definition this Court has given those terms.