[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12772
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00224-LSC-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL E. PETEN, JR.,
a.k.a. Michael Peten,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 12, 2019)

Before WILSON, WILLIAM PRYOR and HULL, Circuit Judges.

PER CURIAM:

Michael Peten Jr., who pleaded guilty without the benefit of a written

agreement to two counts of being a felon in possession of a firearm and

ammunition, 18 U.S.C. § 922(g)(1), appeals the denial of his motion to suppress. The government argues, and we agree, that Peten waived his right to appeal the adverse ruling by later pleading guilty to crimes involving the items that he sought to suppress. *See United States v. Charles*, 757 F.3d 1222, 1227 n.4 (11th Cir. 2014) (concluding that defendant's guilty plea waived challenge to denial of motion to suppress evidence obtained in a traffic stop); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."). Peten failed to reserve the pre-plea ruling for appellate review in his written consent to plead guilty or during his change of plea hearing, as provided in Federal Rule of Criminal Procedure 11(a)(2), and he does not argue that his pleas were entered unknowingly or involuntarily. Peten's pleas of guilty "render[ed] irrelevant—and thereby prevent[ed] [him] from appealing—the constitutionality of case-related government conduct that [took] place before the plea [was] entered." *Class v. United States*, 138 S. Ct. 798, 805 (2018); *see Haring v. Prosise*, 462 U.S. 306, 320 (1983) ("[A] guilty plea results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment.").

We **AFFIRM** Peten's convictions.