[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10911

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARLIN JEAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20018-RKA-1

_____

Before JORDAN, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Marlin Jean appeals his convictions for possession of 15 or more unauthorized access devices and aggravated identity theft. He argues that the district court erred in denying his motion to suppress certain evidence. The government, in turn, moves for summary affirmance, arguing that Jean waived his right to challenge the district court's suppression ruling when he entered an unconditional guilty plea. We grant the government's motion.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] The government argues that its position in this case is clearly right as a matter of law.

A defendant's guilty plea, made knowingly, voluntarily, and with the benefit of competent counsel, waives all nonjurisdictional challenges to a conviction. *See United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008); *United States v. Yunis*, 723 F.2d 795, 796 (11th

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Cir. 1984). The question whether a district court erroneously denied a motion to suppress is a nonjurisdictional issue waived by a guilty plea. *See United States v. Charles*, 757 F.3d 1222, 1227 n.4 (11th Cir. 2014). When a defendant wishes to plead guilty and preserve a nonjurisdictional issue for appeal, he must enter a conditional plea in accordance with Federal Rule of Criminal Procedure 11(a)(2). *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). A conditional plea requires the consent of both the district court and the government. *Id.*

Here, Jean entered an unconditional, knowing, and voluntary guilty plea.[2] Therefore, he has waived appellate review of the denial of his motion to suppress. *See Charles*, 757 F.3d at 1227 n.4. Because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**

---

[2] The district court found that Jean was fully competent and capable of entering an informed plea and that he entered a knowing and voluntary plea. Because he has not challenged these determinations in his opening brief, he has forfeited any argument that his guilty plea was not knowing or voluntary. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc).