[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-11999

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEMETRIUS GERMAINE KENNEDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:02-cr-00043-AW-GRJ-3

_____

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Demetrius Germaine Kennedy appeals the district court's denial of his motion for a sentence reduction under section 404 of the First Step Act. We affirm.

Kennedy is serving a thirty year prison sentence for trafficking cocaine. Despite his young age of twenty-two at the time of his arrest, Kennedy had amassed an expansive criminal record. Among other things, he'd been convicted of grand theft, armed robbery with a firearm, and the sale of marijuana. He'd also threatened a woman he suspected was a government informant.

Once in prison, Kennedy's behavior didn't improve. He racked up dozens of disciplinary infractions, including entries for fighting, drug or alcohol possession, engaging in sexual acts, disruptive conduct, destruction of property, tampering with security devices, threats, and assault.

After numerous unsuccessful efforts to reduce his sentence, Kennedy moved for a sentence reduction under the First Step Act. He argued that: (1) his sentence—which was the mandatory minimum at the time of his conviction—exceeded the minimum available under current law; (2) the sentencing judge erred in finding him responsible for twenty kilograms of cocaine, when the jury had found him guilty of conspiring to distribute only fifty grams of cocaine base; and (3) he had a supportive family, expressed remorse, and improved himself while incarcerated by taking classes.

22-11999                Opinion of the Court                3

He did acknowledge that his disciplinary record wasn't "squeaky clean" and that he'd struggled with drug addiction but stated that he'd been drug free for some time.

The government responded that the relevant facts and factors weighed against granting a sentence reduction. Specifically, it argued that: (1) Kennedy was responsible for a large quantity of cocaine and cocaine base and had threatened a woman he thought had spoken with the Drug Enforcement Administration; (2) he had an extensive criminal history; (3) notwithstanding the new mandatory minimum, based on his sentencing factors, his guideline range would remain the same as before if Kennedy had committed the crimes today; and (4) despite Kennedy's steps to educate himself, he had a long history of misbehavior in prison, as demonstrated by the full disciplinary record the government attached to its response.

The district court denied Kennedy's motion. Although it found that he was eligible for a reduction under section 404, it observed that: (1) Kennedy's underlying crimes were serious, and the amount of cocaine for which he was responsible far exceeded the adjusted statutory thresholds under both the law at the time of his sentencing and current law; (2) this conduct was worsened by his threatening a witness; (3) he had a long criminal history and a bad prison disciplinary record; and (4) his guideline range, if calculated today, would remain thirty years to life. All of this, the district court determined, weighed against a reduction.

The district court also noted that certain factors weighed in favor of granting a sentence reduction—namely: (1) Kennedy's educational pursuits, (2) his expressed remorse, and (3) the young age at which he was convicted. Ultimately, though, the district court found that these mitigating factors didn't outweigh the aggravating ones.

On appeal, Kennedy argues that the district court considered impermissible information in reaching its decision and failed to adequately consider his rehabilitation. Specifically, he contends that: (1) under *United States v. Alleyne*, 570 U.S. 99 (2013), the district court erred in considering the twenty kilograms of cocaine attributed to him at sentencing, because the jury had found him responsible for only fifty grams of cocaine base; (2) the district court failed to properly consider his rehabilitation while incarcerated; and (3) the district court erred by referring to his disciplinary history, which he asserts wasn't entered into the record, and by ruling without all of the relevant information.

We review the denial of an eligible defendant's request for a reduced sentence under the First Step Act for abuse of the district court's "broad discretion." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). "A district court abuses its discretion when it applies an incorrect legal standard or makes a clear error of judgment." *United States v. Stevens*, 997 F.3d 1307, 1312 (11th Cir. 2021). "Section 404(c) of the First Step Act confers particular discretion, clarifying that the Act does not require a court to reduce any sentence." *Concepcion*, 142 S. Ct. at 2404 (quotation omitted). The

district court "may consider evidence of a defendant's rehabilitation since his prior sentencing," as well as "postsentencing evidence of violence or prison infractions" and any other "intervening changes of law or fact in exercising [its] discretion to reduce a sentence pursuant to the First Step Act." *Id.* at 2399, 2401, 2404. We may not substitute our judgment for that of the district court regarding the appropriateness of a particular sentence. *Id.* at 2404. "[W]hen deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments." *Id.* The statute requires only that the "district court . . . demonstrate that it has considered the arguments before it"—not to make a "point-by-point rebuttal of the parties' arguments." *Id.* at 2405.

We conclude that the district court didn't abuse its broad discretion by declining to reduce Kennedy's sentence under the First Step Act. First, the district court didn't err in considering the drug quantities for which it found Kennedy responsible. True, in *Alleyne*, the Supreme Court held that any fact which increases the mandatory minimum is an "element" that must be submitted to a jury. 570 U.S. at 116. But in the wake of *Alleyne*, we held that "a district court may continue to make guidelines calculations based upon judicial fact findings and may enhance a sentence—so long as its findings do not increase the statutory maximum or minimum authorized by facts determined in a guilty plea or jury verdict." *United States v. Charles,* 757 F.3d 1222, 1225 (11th Cir. 2014). Accordingly, the district court was within its discretion to consider

as relevant the drug quantities attributed to Kennedy at sentencing. *See id.*; *Concepcion*, 142 S. Ct. at 2398.

Second, the district court didn't fail to consider Kennedy's rehabilitation argument; instead, it specifically discussed his reha-bilitation, pointing to his continued education in prison and expres-sion of remorse as mitigating factors weighing in favor of a sen-tence reduction. Although Kennedy may believe that the district court didn't place enough weight on this factor, it met its duty to consider his arguments, and we may not substitute our judgment for that of the district court. *See Concepcion*, 142 S. Ct. at 2404–05.

Finally, Kennedy's arguments that the district court erred by considering his disciplinary history and by ruling without all the necessary information in the record are meritless. But the Supreme Court has said that district courts may consider "prison infractions" as part of the discretionary decision to reduce a sentence under the First Step Act. *See id.* at 2395. And everything was in the record. Kennedy submitted certain documents in support of his motion, and the government entered his disciplinary record and transcript into the record before the district court issued its ruling. Accord-ingly, we affirm.

**AFFIRMED.**