**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

# For the Eleventh Circuit

————————————

No. 25-12123

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BRENDAN WELLS,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00273-TPB-CPT-2

————————————

Before JORDAN, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Brendan Wells appeals his 353-month sentence, which was imposed following his guilty plea to: (1) conspiracy to possess with intent to distribute 500 grams or more of

methamphetamine, 40 grams or more of fentanyl, and any amount of cocaine; (2) possession with intent to distribute 500 grams or more of methamphetamine, 40 grams or more of fentanyl, and a detectable amount of cocaine; and (3) possession of a firearm in furtherance of a drug-trafficking crime. On appeal, he argues that his sentence is substantively unreasonable. Additionally, he argues that the district court erred by applying a two-level guideline enhancement under U.S.S.G. § 2D1.1(b)(13)(B). After careful review, we affirm.

## I.

Wells argues that it was unreasonable for the district court not to vary his sentence to punish him to a similar term of imprisonment as his co-defendant for the same criminal conduct, noting that while he had a different criminal history, his co-defendant was sentenced to 240 months rather than Wells's 353 months.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court abuses its discretion and imposes a substantively unreasonable sentence only if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation marks omitted).

Under 18 U.S.C. § 3553(a), a district court's sentence must be sufficient, but not greater than necessary to achieve the goals of sentencing, which include: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. The district court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent public policy statement, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

The weight given to any specific § 3553(a) factor is "committed to the sound discretion of the district court." *United States v. Riley,* 995 F.3d 1272, 1279 (11th Cir. 2021). "District courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *Rosales-Bruno*, 789 F.3d at 1254, 1261. In *Rosales-Bruno*, we noted that the district court cited the defendant's criminal history as bearing on multiple § 3553(a) factors, including "the history and characteristics of the defendant, the need to promote respect for the law, the need to provide adequate deterrence," and the need to protect the public. *Id*. at 1262 (citation modified). We stated that "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *Id*. at 1263.

4                    Opinion of the Court                    25-12123

Here, the district court focused on the following § 3553(a) factors—Wells's criminal history, including that he had only been released from a reasonable state court sentence six months before he committed these crimes, the seriousness of Wells's crimes, and the need to protect the public. The court had the discretion to give greater weight to those factors.

Wells asserts that the district court did not properly consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). When considering disparities in sentencing, under 18 U.S.C. § 3553(a)(6), we ask "whether the defendant is similarly situated to the defendants to whom he compares himself." *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). Here, Wells points to his-codefendant, who received 240 months. But the district court explained that Wells is not similarly situated to his co-defendant because Wells's criminal history was more significant than his co-defendant. Thus, the two were not similarly situated for purposes of assessing a sentencing disparity. The court did not abuse its discretion when it permissibly gave significant weight to the nature of the crime, Wells's criminal history and recidivism, and the fact that he was not similarly situated to his co-defendant. Thus, Wells's sentence was substantively reasonable.[1]

---

[1] After reviewing Wells's counseled objections, the court reduced Wells's offense level of 34 and a criminal history category of V, corresponding to a guideline range of 235 to 293 months for two counts. The court sentenced him to

25-12123                Opinion of the Court                        5

## II.

Wells argues that the district court erred in applying a two-level guideline enhancement under U.S.S.G. § 2D1.1(b)(13)(B).  He asserts that the determination required for that enhancement—that he marketed a substance containing fentanyl as if it were a legitimately manufactured drug—was based on facts not found by a jury or admitted by him during his guilty plea, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Wells generally asserted that application of the enhancement under § 2D1.1(b)(13)(B) was unfair because he did not know that the pills had contained fentanyl.  But at no point did Wells state that additional fact-finding either by a jury or in the factual basis of the plea was required to the application of this enhancement.  This is insufficient to preserve an *Apprendi* claim.  *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (citations omitted).  Because Wells did not preserve the claim, we only review his challenge for plain error.  Under plain-error review, we may correct an error where (1) an error occurred; (2) it was plain; (3) it affected substantial rights; and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *United States v. Olano*, 507 U.S. 725, 732–36 (1993).

---

293 months and then a mandatory 60-months for the third count, possession of the firearm, for a total of 353-months.  This sentence was within the guideline range and well below the statutory maximum of life imprisonment.

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court later extended *Apprendi* and held that facts other than a prior conviction that increase a defendant's statutory minimum sentence must also be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 111–16 (2013). The Court clarified that, while the Sixth Amendment requires juries to find any facts that increase either the statutory maximum or minimum, "this is distinct from factfinding used to guide judicial discretion in selecting a punishment within limits fixed by law." *Id*. at 113 n.2 (internal quotation marks omitted).

This court, after discussing both *Apprendi* and *Alleyne*, stated that "a district court may continue to make guidelines calculations based upon judicial fact findings and may enhance a sentence—so long as its findings do not increase the statutory maximum or minimum authorized by facts determined in a guilty plea or jury verdict." *United States v. Charles*, 757 F.3d 1222, 1225 (11th Cir. 2014). Because the two-level increase here affected only Wells's guidelines calculation and not the statutory mandatory minimum or maximum, Wells cannot rely on *Apprendi* or *Alleyne*. Thus, the district court did not err—plainly or otherwise—in applying the two-level increase under U.S.S.G. § 2D1.1(b)(13)(B).

**AFFIRMED**.