[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11956

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMAR MAURICE JAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 2:20-cr-00099-SPC-NPM-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jamar James appeals his conviction and sentence for possessing ammunition as a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). James pled guilty to this charge, and the district court varied upwards from the Sentencing Guidelines recommendation and sentenced James to 120 months in prison. James now raises two arguments on appeal. First, he argues the district court erred in denying his motion to suppress. Second, he argues the district court's sentence is procedurally and substantively unreasonable. In response, the Government argues that James waived his right to challenge the district court's suppression ruling by unconditionally pleading guilty. Because we write only for the parties, we will not recite the facts underlying this appeal in a separate section of the opinion.

I.

We review *de novo* whether a voluntary, unconditional guilty plea waives a defendant's ability to appeal adverse rulings of pre-trial motions. *See United States v. Patti*, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003). "A defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent coun-

sel, waives all nonjurisdictional defects in that defendant's court proceedings." *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984). The alleged erroneous denial of a motion to suppress is a nonjurisdictional defect. *United States v. Charles*, 757 F.3d 1222, 1227 n.4 (11th Cir. 2014); *see also United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973) (per curiam) ("[The defendant] raises several questions concerning the district court's refusal to suppress certain evidence. These issues . . . are clearly nonjurisdictional and were effectively waived by [the defendant's] guilty plea."). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional plea' in accordance with Fed. R. Crim. P. 11(a)(2). The conditional plea must be in writing and must be consented to by the court and by the government." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (footnote omitted).

Here, James entered an unconditional, knowing, and voluntary guilty plea.[1] He did not enter a conditional guilty plea in writing and with consent of the Government. Therefore, he has waived appellate review of the denial of his motion to suppress.

---

[1] The district court found that James was "fully competent and capable of entering an informed plea" and that he entered "a knowing and voluntary plea." Because he has not disputed this in his opening brief, he has forfeited any argument that his guilty plea was not knowing or voluntary. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc).

## II.

We review the reasonableness of an above-Guidelines sentence under a deferential abuse-of-discretion standard of review. *See Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007) ("[C]ourts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."). A sentence must be both procedurally and substantively reasonable. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010) (per curiam). A sentence is procedurally unreasonable if the district court erred in calculating the Guidelines range, treated the Sentencing Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or "fail[ed] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court need not provide a lengthy explanation of the sentence but must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). The substantive reasonableness of a sentence is determined based on the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

The party challenging the sentence—here, James—bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in § 3553(a), and the substan-

tial deference afforded to the sentencing court. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)). "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it '(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" *Rosales-Bruno*, 789 F.3d at 1256 (quoting *Irey*, 612 F.3d at 1189).

The district court need not weigh each § 3553(a) factor equally, but instead may give greater weight to one factor over the others. *Id.* at 1254. The decision about how much weight to assign to a particular factor is committed to the district court's discretion. *Id.* The district court is not required to explicitly address each of the § 3553(a) factors or all the mitigating evidence. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Rather, "[a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Absent clear error, we will not reweigh the § 3553(a) factors. *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009).

Here, James cannot show that the district court abused its discretion in imposing an above-Guidelines sentence. James acknowledges that the district court had "considerable discretion" in weighing the § 3553(a) factors when determining his sentence; however, he argues that the district court failed to give "adequate consideration" to "his intellectual and mental impairment; his difficult childhood; and his stated remorse for his conduct." But that is not so. The district court considered James's background as described in his statements to the court, the presentence report, and his sentencing memorandum. It then concluded that the extent of James's criminal history and the severity of his conduct—including his "complete disregard for human life, the law, and community safety"—justified an upward variance from the Sentencing Guidelines. Accordingly, it varied his sentence upwards "to reflect the seriousness on the offense, to promote respect for the laws, to provide just punishment, and to afford adequate deterrence from future criminal conduct." It was not an abuse of discretion to weigh one factor over the others, and we cannot reweigh § 3553(a) factors absent clear error by the district court. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597 ("[Reviewing courts] must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.").

For the foregoing reasons, James's sentence is

**AFFIRMED.**