[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-14086

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CRISTIAN JOSE BURGOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00050-WWB-RMN-1

_____

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Cristian Burgos was caught possessing firearms as a convicted felon, and pleaded guilty to that charge. But police had been on alert for Burgos for an even more serious reason—he was suspected of shooting multiple people at two nightclubs. The district court took that evidence into account at sentencing, and imposed eighty-four months in prison, which was well within the felon-in-possession statutory sentencing range. Burgos argues that the district court erred by considering the nightclub shootings when he had not pleaded guilty to nor been convicted of those offenses. Because our precedent allows district courts to make judicial findings of fact during sentencing as long as they do not raise the maximum or minimum length authorized by law for the resulting sentence, we affirm.

**I.**

After back-to-back shootings outside of nightclubs in Orlando, Florida, police turned their attention to Burgos as a suspect. A witness told investigators that he had admitted his involvement in those crimes. Police tried to apprehend Burgos—who had previously been convicted of felony robbery with a firearm—from a car that held a loaded handgun, a loaded rifle, and ammunition, but Burgos fled from the car on foot. That escape attempt did not get very far, and Burgos was taken into custody. A grand jury soon indicted Burgos for possessing a firearm and

ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1).  He eventually chose to plead guilty to that charge.  The statutory maximum sentence he faced was fifteen years in prison and three years of supervised release.  18 U.S.C. §§ 924(a)(8), 3583(b)(2).

Burgos objected to portions of his presentence investigation report that discussed the nightclub shootings, arguing that they were inaccurate or unreliable.  That report also contained a psychological evaluation, which estimated that his "general cognitive ability" was in the "extremely low range," with an IQ of 65.  At Burgos's sentencing hearing, a sheriff's deputy testified that multiple tips had connected him to the shootings, which had left six people injured and one of them in a coma.  The officer's conclusion that Burgos was the shooter was bolstered by camera footage and cell phone data that showed that Burgos was at the nightclubs at the time of the shootings.  To top it all off, firearm testing as well as a video Burgos posted on social media revealed that the rifle found in the backseat of his car was used in the shootings.

Based on that evidence the district court found that Burgos's involvement in the nightclub shootings was relevant conduct for sentencing.  After sustaining a few other objections by Burgos to the presentence investigation report, the court found that the Sentencing Guidelines recommended a range of fifty-one to sixty-three months in prison.  Neither party objected.  The court explained that, having considered the § 3553(a) sentencing factors, the guidelines range was inadequate for the seriousness of Burgos's

offense, so an upward variance was appropriate. It then imposed a sentence of eighty-four months in prison followed by three years of supervised release. Burgos did not object to this sentence. After Burgos later moved to correct his base offense level under the Sentencing Guidelines, the district court issued an Amended Statement of Reasons for the sentence, which found a guidelines range of thirty-three to forty-one months. But because an upward variance remained appropriate, the court maintained the eighty-four-month sentence as "sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing."

## II.

We normally review constitutional challenges to a sentence de novo, but we review issues not raised below only for plain error. *United States v. Chau*, 426 F.3d 1318, 1321 (11th Cir. 2005); *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). That standard requires a defendant to show that (1) an error occurred (2) that was plain, (3) affected his substantial rights, and (4) seriously implicated the fairness of the judicial proceedings. *United States v. Maurya*, 25 F.4th 829, 836 (11th Cir. 2022).

## III.

Now, Burgos argues that the district court violated the Fifth and Sixth Amendments by increasing his sentence based on conduct he had not been found guilty of by a jury. Because he had not admitted his involvement in the shootings nor been convicted of carrying them out, he insists that the district court could not take them into account as relevant conduct when deciding his sentence.

23-14086              Opinion of the Court                 5

Burgos failed to raise a constitutional objection to his sentence before the district court, so his argument is reviewed for plain error only. *See United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007). And Burgos cannot show that the district court plainly erred because it did not err at all—his argument is squarely contrary to precedent. A district court may make judicial fact findings during sentencing as long as they do not change the statutory maximum or minimum penalty. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Alleyne v. United States*, 570 U.S. 99, 116–17 (2013). We have consistently recognized that a district court may "make guidelines calculations based upon judicial fact findings and may enhance a sentence—so long as its findings do not increase the statutory maximum or minimum authorized by facts determined in a guilty plea or jury verdict." *United States v. Charles*, 757 F.3d 1222, 1225–26 (11th Cir. 2014).

Because the district court did not rely on Burgos's involvement in the nightclub shootings to vary the statutory range of sentences he was eligible for—but rather to inform its judgment of what sentence within that range was appropriate in these circumstances—it did not violate the Fifth or Sixth Amendment. Indeed, the eighty-four-month sentence is less than half the statutory maximum of fifteen years. *See* 18 U.S.C. § 924(a)(8).

In a sentence at the end of his brief, Burgos asserts without further explanation that the upward variance in his sentence was substantively unreasonable because it was based on conduct that a jury did not find him guilty of. To start, that conclusory statement

was likely insufficient to raise this issue. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). But the argument has little merit in any event—eighty-four months is hardly unreasonable for possessing a firearm as a felon when evidence strongly connected Burgos to two shootings that involved at least one of those weapons. The fact that the district court upwardly varied his sentence beyond the period suggested by the Guidelines does not render the sentence presumptively unreasonable, and the district court appropriately explained the reasons for this variance on the record. *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009).

★          ★          ★

We **AFFIRM** Burgos's sentence.