[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12806

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HERBERT ALLEN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00121-KD-MU-1

_____

Before ROSENBAUM, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty under a written agreement, Herbert Smith was convicted of bank robbery and sentenced to serve 151 months in prison. Smith now appeals, arguing that the district court erred in denying his motion to suppress and erred at sentencing by failing to consider a downward departure based on age (77 at the time of sentencing) and infirmity (primarily hepatitis C). The government moves to dismiss, arguing that Smith knowingly and voluntarily waived his right to appeal these issues in his plea agreement. Smith has not responded to the government's motion. After careful review, we grant the motion and dismiss the appeal.

We review de novo the validity and scope of an appeal-waiver provision. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id.* at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

24-12806                Opinion of the Court                3

Here, the government has shown that the appeal waiver is enforceable. Among the promises exchanged in the plea agreement, under the bolded and underlined heading, "LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK," Smith "knowingly and voluntarily waive[d] the right to file any direct appeal." The provision stated that Smith "will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings," except on certain limited grounds.

In particular, Smith retained the right to file a direct appeal on the grounds that (a) the sentence exceeded the statutory maximum, (b) the sentence constituted an upward departure or variance from the advisory guideline range, or (c) he received ineffective assistance.[1] Smith also would be released from the waiver if the government appealed. Smith—then proceeding *pro se*, with standby counsel—signed the portion of the plea agreement stating that he had read the agreement in its entirety, had discussed it with his standby counsel, and understood and voluntarily agreed to the terms of the agreement.

Then, during the plea colloquy, the district court briefly discussed the appeal waiver. The court noted that defendants "ordinarily . . . may appeal their conviction, or their sentence, or both, or they may later collaterally attack their conviction, or their sentence, or both." But it cautioned Smith that, "under the terms of

---

[1] In addition, Smith retained the right to file a motion for an amended sentence under 18 U.S.C. § 3582 based on a retroactive guideline amendment.

your [p]lea [a]greement, with certain few limited exceptions that are set out in your [p]lea [a]greement, you're giving up your rights to do those things if you receive the benefit of the bargain you've struck with the government." Smith responded, "Yes, I understand." The district court ultimately accepted Smith's guilty plea as knowing and voluntary and supported by a factual basis.

Although the district court did not discuss all the exceptions to the waiver, "its failure to question [Smith] about all of the possible exceptions to the waiver does not alter whether the waiver was made knowingly and voluntarily." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). The "touchstone for assessing this question is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances." *Id.* (cleaned up). And here, by stating that Smith was "giving up [his] rights" to appeal apart from "certain few limited exceptions" set out in his plea agreement, the court "effectively conveyed to [Smith] that he was giving up his right to appeal his sentence under most circumstances." *Id.*

In light of Smith's confirmation in the plea agreement and during the plea colloquy that he understood he was waiving the right to direct appeal in most circumstances, the record establishes that the appeal waiver was knowingly and voluntarily made and is enforceable. *See id.* Because Smith makes no argument on appeal that falls outside the scope of the waiver, we must grant the government's motion to dismiss.

The sentence imposed was within the guideline range as found by the district court, even if it was higher than the government's recommended sentence of 96 months and more severe than Smith expected.[2] And Smith's challenge to the district court's refusal to suppress evidence is a nonjurisdictional matter that he waived by his unconditional guilty plea, wholly apart from the appeal-waiver provision. *See United States v. Charles*, 757 F.3d 1222, 1227 n.4 (11th Cir. 2014) (holding that a challenge to the denial of a motion to suppress evidence was "waived by [the defendant's] guilty plea"). Plus, "[w]e lack jurisdiction to review a district court's decision to deny a downward departure unless the district court incorrectly believed that it lacked authority to grant the departure," *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006), and the sentencing transcript reflects that the court understood it had the authority to depart or vary downward, but chose not to do so based on its assessment of the sentencing factors.

For these reasons, we grant the government's motion to dismiss.

**DISMISSED.**

---

[2] Notably, Smith was found to be a career offender under U.S.S.G. § 4B1.1, which raised his total offense level from 22 to 29 and his criminal history category from III to VI, more than doubling his guideline range. The plea agreement covered this possibility, however, stating that Smith "understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range," and that the choice of sentence was "solely the discretion of the Court."